IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDE GENE SLOAN, | : | CIVIL NO. 3:10-CV-0679 |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WILLIAM SCISM, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Claude Gene Sloan ("Sloan"), challenging his unconstitutional federal conviction and sentence. He seeks to proceed in forma pauperis. (Doc. 5.) For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

I. **Background**

In March 2001, Sloan pled guilty to federal charges of manufacturing marijuana in the United States District Court for the Western District of Virginia. (Doc. 1, at 1.) He was sentenced to a sixty-month term of imprisonment on July 30, 2001. (Id.) He did not file a direct appeal. (Id. at 2.) He filed a 28 U.S.C. § 2255 motion arguing that his sentence violated "1B1.3 relevant conduct and 5G1.3(b)(2) concurrent sentence." (Id. at 3.) The motion was denied as untimely on April 30, 2004. (Id.) He filed a second § 2255 motion, raising "1B1.3 relevant conduct and 5G1.3(b)(2) concurrent sentence," broken plea agreement, and ineffectiveness of counsel. The motion was dismissed as a successive

petition on December 12, 2006. (Id.)

On March 29, 2010, Sloan filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting the 1B1.3 relevant conduct and 5G1.3(b)(2) concurrent sentence arguments, lack of subject matter jurisdiction, and ineffective assistance of counsel. (Doc. 3, at 1-2.) He states that he "was given an unconstitutional sentence and [he] was prejudiced by ineffective counsel and probation officer." (Id. at 2.)

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize

pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Sloan's claims do not fall within the Dorsainvil exception. They fall squarely within the purview of § 2255. He has made no showing that the remedy is inadequate or ineffective to test the legality of his convictions. Because he has already filed a § 2255 petition, if his present § 2255 claim is based on "newly discovered evidence" or a "new rule of constitutional law," he must seek permission from the United States Court of Appeals to file a second or successive petition.

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated: April 30, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLAUDE GENE SLOAN,
    Plaintiff,

v.

WILLIAM SCISM,

    Respondents

CIVIL NO. 3:10-CV-0679

(Judge Munley)

## ORDER

AND NOW, this 30th day of April 2010, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The application to proceed in forma pauperis (Doc. 5) is GRANTED.

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

3. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court